146 So. 881

**ADKINS v. SIMS et al.**

6. Div. 311.

Supreme Court of Alabama.
March 23, 1933.

Fred Wall, of Athens, for appellant.

J. G. Rankin, of Athens, for appellee.

Arlie Barber and Amzi G. Barber, both of Birmingham, for appellant.

David J. Davis, of Birmingham, for appellees.

this defect. There was therefore no error in the ruling of the trial judge.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

BOULDIN, Justice.

The plaintiff took a nonsuit because of adverse rulings of the trial court in sustaining demurrers to the complaint as amended.

The suit is to recover damages for breach of a statutory bond given under section 3 of an act "To license and to regulate the business of making loans in sums of One Hundred dollars or less," etc., in counties having a population of two hundred thousand or more. Gen. Acts 1927, p. 264.

The damages claimed were for wrongfully and maliciously suing out a garnishment by the lender against the borrower.

The theory of the suit is that the garnishment was wrongful because there was no lawful and enforceable debt, in that the loan was made in violation of several provisions of said Money Lenders' Act.

Whether damages of this character are within the coverage of the statutory bond, we need not and do not decide.

The breaches of the bond are alleged in the alternative. Each of them must be good, or the entire complaint is bad. One alternative is this: " * * * That said loan was contracted by the defendant with the plaintiff that the plaintiff should pay for the use or forbearance of said loan interest thereon at a greater rate than eight per centum per annum."

The act makes violations of certain provisions misdemeanors. Contracting for or charging excessive interest is not one of them.

The interest rate is prescribed by section 13, which is not one of the sections enumerated in penal section 17.

By the terms of section 13, if interest in excess of "two-thirds of one percentum per month" is charged or contracted for, the lender "shall have no right to collect any interest or charges whatever."

By section 16 it is declared: "No loan for which a greater rate of interest or charge than is allowed by this act has been contracted for or received, wherever made, shall be enforced in this State except to the principal thereof," etc.

This is an express recognition of the right to enforce collection of the loan as to the principal, like unto the general usury law of the state.

The above-quoted alternative was therefore bad.

Assignment of demurrer No. 25 pointed out